**Cheryl M. FEALY, Plaintiff-Appellant,**

v.

**WELLS FARGO BANK, NA, Defendant-Appellee.**

No. 14-16972

United States Court of Appeals, Ninth Circuit.

Submitted November 16, 2016 *

Filed November 23, 2016

Cheryl M. Fealy, Pro Se.

Chet A. Glover, Kent F. Larsen, Attorney, Smith Larsen & Wixom, Hills Center Business Park, Las Vegas, NV, for Defendant-Appellee.

Before: LEAVY, BERZON, and MURGUIA, Circuit Judges.

MEMORANDUM **

Cheryl M. Fealy appeals pro se from the district court's summary judgment in her action alleging federal and state law claims arising from Wells Fargo's turnover of money from Fealy's bank account to the Internal Revenue Service ("IRS") pursuant to a notice of levy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment because Wells Fargo's compliance with the IRS notice of levy immunized it from suit. *See* 26 U.S.C. § 6332(a), (e); *see also Stead v. United States*, 419 F.3d 944, 947 (9th Cir. 2005) (stating that a third party has only two defenses for not turning over levied funds to the IRS). Contrary to Fealy's contention, the district court did not err in granting summary judgment for Wells Fargo notwithstanding Wells Fargo's failure to file a separate motion for summary judgment. *See* Fed. R. Civ. P. 56(f).

The district court did not abuse its discretion by setting aside the entry of de-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

fault against Wells Fargo. *See O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (setting forth standard of review).

We do not consider arguments that were not presented to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.